The Judges,
after maturely considering this case, were unanimously of opinion, upon the true construction of the limitation act, that the motion for a new trial should be refused. The act declares, “ that any person or persons to “ whom any title to lands shall descend or come, who do not “ prosecute such right to the same within five years after “ such right or title accrued, all such persons, and all per- “ sons claiming under them, shall be for ever barred from “ recovering the same.” After which period the right and title of the occupant is completely and fully established, except in cases where there are feme coverts, infants, or persons beyond seas, who have respectively a further time for bringing such actions ; but there were none of those exceptions in the present case.
Lido's judgment could not possibly have given him a higher or better claim to the lot of land in question, than an absolute conveyance from Woodroof would have given him, yet it is very clear that if Woodroof had made hun such conveyance in 1786, and another to Schutt in 1788, who immediately thereafter entered, and hide and those claiming under him had not brought their action against Schutt or Smithy to turn them out of possession, within five years after their entry, the right would have been gone for ever ; or, in other words, the act would have been a perpetual bar to it. If Woodroof had never conveyed to Schutt, or any other person, the judgment would certainly have bound the land without limitation of time ; but as he had conveyed the fee in this case to a bona fide purchaser, the act comes in aid of such purchaser, and secures his title after five years’ quiet possession.
See ante, p.
The great policy of this act is to quiet possessors in their claims to lands which they occupv, and therefore such pos-have always been highly favoured in this country,
not only on account of the improvements which may have been made on such lands, but for the prevention of suits and liugations; and therefore it has been determined, over and over again, that possessory rights are good against grants under the seal of the state, and against absolute conveyances for valuable consideration. If so, then judgments and executions, which are only inchoate rights, cannot possibly have a higher or greater validity than absolute and unconditional ones. Upon this ground it was that the case of Cholett and Hart was determined, after solemn argument, that four years’ possession of sundry negroes, sold by a defendant some years after a fieri facias had been lodged in the sheriff’s office against him, should secure the right to the bona fide purchaser and possessor, notwithstanding the lodging of the execution, which had not been renewed for several years.
Rule for new trial discharged.
All the judges present, viz. Grimke, Waties, Bay, Johnson, Trezevant and Brevard.